**SIGNED THIS: February 28, 2011**

                         **MARY P. GORMAN**
                        **UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | In Bankruptcy |
| JOHN ROBERT LUEDTKE, | ) | |
| | ) | Case No. 07-70924 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Motion for Interim Distribution and Petition for Trustee Fees. American Bank and Trust Company ("American Bank") raised several objections to the Motion for Interim Distribution and Petition for Trustee Fees, but only the objection related to the Trustee's proposed compensation is at issue here. For the reasons set forth herein, the Chapter 7 Trustee's requested compensation will be reduced. Under the circumstances presented here, the Chapter 7 Trustee is not entitled to the maximum compensation allowed by the Code.

-1-

**Factual and Procedural Background**

John Robert Luedtke ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 7, 2007. The Debtor's scheduled assets consisted largely of interests in real estate and fractional interests in several trusts and limited liability companies which owned and managed real estate. Debtor's Amended Chapter 11 Plan, which generally provided for the liquidation of all of the Debtor's real estate interests, was confirmed on January 11, 2008.

Despite a significant number of sales, the Debtor filed a Motion to Convert his case from Chapter 11 to Chapter 7 on October 19, 2009. Debtor alleged in his Motion to Convert that, due to the market conditions at the time, he was simply not able to complete the liquidation of his remaining real estate assets. Further, the ongoing liquidation was complicated, at least in part, by the fact that his non-filing spouse was a joint owner and obligor with respect to some of the remaining property interests. Debtor's spouse's efforts to purchase assets from the Debtor had met with resistance from creditors due to perceived conflicts.

American Bank objected to the conversion. At a hearing held November 19, 2009, American Bank's attorney explained that its objection to the conversion was based solely on the fact that the Debtor had approximately $1.3 million in his Chapter 11 account from the real estate sales, and American Bank wanted those funds

distributed before conversion and the appointment of a trustee. American Bank hoped to prevent a Chapter 7 trustee from receiving any compensation related to the funds which were already in hand.

The Court granted the conversion over the objection of American Bank, finding that the matter of reasonable compensation for the soon to be appointed Chapter 7 trustee would be an issue for another day. The order of conversion was entered on November 23, 2009. On November 24, 2009, A. Clay Cox was appointed as Chapter 7 Trustee ("Trustee").

On November 5, 2010, the Trustee filed his Motion for Interim Distribution. The Motion recites that the Trustee currently has $1,534,561.76 on hand. The Trustee further reports that he is waiting for a tax refund from the State of Illinois and will be required to file income tax returns for the year 2010 before making a final distribution. The Trustee proposes an interim distribution in the aggregate amount of $1.3 million and suggests that such a distribution would limit the accrual of interest in 2011 which he wants to avoid so that additional tax returns are not required. The Trustee also filed his Petition for Trustee Fees seeking an award of $62,250 which is the maximum allowable compensation on a distribution of $1.3 million.

American Bank objected to the Trustee's Motion for Interim Distribution and Petition for Trustee's Fees. American Bank asserts that the Trustee collected only about $200,000 in

additional funds for the estate and, therefore, should be limited to the maximum compensation allowable on that amount. American Bank notes that the Trustee's time records attached to his compensation request disclose only 47.5 hours of time expended and that, if the Trustee were awarded $62,250, his compensation would be equivalent to $1310 per hour. American Bank asserts that such amount is unreasonable.

Oral arguments were heard on December 16, 2010, and the matter is ready for decision.

**Jurisdiction**

This Court has jurisdiction to decide the issue before it pursuant to 28 U.S.C. §1334. Resolving an issue of trustee compensation is a core proceeding. *See* 28 U.S.C. §157(b)(2)(A) & (O).

**Legal Analysis**

Chapter 7 trustee compensation is controlled by §330(a)(7) of the Code which provides in pertinent part as follows:

> In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

11 U.S.C. §330(a)(7).

The provisions of §326 referred to in §330(a)(7) are as follows:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. §326(a).

Rule 2016(a) describes the requirements for any entity to seek compensation in a case and provides, in part, as follows:

> **Application for Compensation or Reimbursement.** An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

Fed.R.Bankr.P. 2016(a).

The methodology for determining reasonable compensation for Chapter 7 trustees was changed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Prior to BAPCPA, reasonable Chapter 7 trustee compensation was determined under the same provisions of §330(a)(3) that govern compensation for other professionals. A court was required to consider the time spent in providing the services, the rate charged for the services, whether the services actually benefitted the estate, and other statutory factors in determining the reasonable compensation to be awarded to a Chapter 7 trustee. 11 U.S.C. §330(a)(3). Unlike other

professionals, however, Chapter 7 trustee compensation was capped by the maximum percentages set forth in §326.  11 U.S.C. §326.  Pre-BAPCPA, the law was clear.  To obtain awards of compensation, Chapter 7 trustees were required to submit itemized applications, and such applications were considered using the same standards and factors as applications of other professionals.  See, e.g., *In re Stoecker*, 125 B.R. 767, 772-75 (Bankr. N.D. Ill. 1991).

BAPCPA removed Chapter 7 trustees from the provisions of §330(a)(3).  Reasonable compensation for Chapter 7 trustees is now to be treated as a commission based on §326.  11 U.S.C. §330(a)(7).  How to calculate that commission is, however, unclear.  This is due, at least in part, to the several provisions of §330(a) relating to Chapter 7 trustee compensation which were not changed with the addition of §330(a)(7).

Post-BAPCPA, Chapter 7 trustee compensation remains subject to §330(a)(1), which specifically limits such compensation to that earned for "actual, necessary services rendered[.]" 11 U.S.C. §330(a)(1)(A).  Further, courts are specifically prohibited from allowing trustee compensation for services which were not "reasonably likely to benefit" the estate or which were not "necessary to the administration of the case."  11 U.S.C. §330(a)(4)(A).  Courts retain the discretion to award compensation in amounts less than requested.  11 U.S.C. §330(a)(2).

The addition of §330(a)(7) has lead some chapter 7 trustees -

although not the Trustee here - to argue that the maximum percentage commissions set forth in §326 are now the fixed percentages which should be routinely allowed in virtually every case. Courts having considered such arguments have, however, universally rejected them and have consistently held that Chapter 7 trustee compensation remains subject to court review for reasonableness. See, e.g., *In re Clemens*, 349 B.R. 725 (Bankr. D. Utah 2006); *In re Ward*, 366 B.R. 470 (Bankr. W.D. Pa. 2007); *In re Mack Properties, Inc.*, 381 B.R. 793 (Bankr. M.D. Fla. 2007); *In re McKinney*, 383 B.R. 490 (Bankr. N.D. Cal. 2008); *In re Phillips*, 392 B.R. 378 (Bankr. N.D. Ill. 2008); *In re Healy*, 440 B.R. 834 (Bankr. D. Idaho 2010); *In re B&B Autotransfusion Services, Inc.*, ___ B.R. ___, 2011 WL 144907 (Bankr. D. Idaho Jan. 18, 2011).

In determining the full impact of the addition of §330(a)(7) to the Code, this Court must start by giving plain meaning to the language of the statute. See *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Court's inquiry can be limited solely to the plain meaning analysis if the result of such analysis is not absurd. See *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Clemens*, 349 B.R. at 729. A particular statutory provision must, however, also be read in context and with a view to its place in the global statutory framework. See *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891

(1989); *Phillips*, 392 B.R. at 384.

Considering these rules of statutory construction and the several well-reasoned decisions construing §330(a)(7) cited above, this Court finds that, although the calculation of a Chapter 7 trustee fee must now be treated as a commission, the calculation is not firmly fixed by the maximum percentages set forth in §326 but remains a subjective determination based on reasonableness. New §330(a)(7) itself contains a requirement that any allowed compensation be reasonable and the other provisions of §330(a) which remain applicable compel a court to consider what trustee services were actually provided. Although Chapter 7 trustee compensation is now expressed in terms of commissions based on the maximum allowable amounts set forth in §326, those commission amounts may be reduced to avoid awards which are disproportionate to the actual services rendered. See *McKinney,* 383 B.R. at 493.

Although courts agree that Chapter 7 trustee fees remain subject to review for reasonableness, courts differ on what factors should be considered in determining a reasonable commission calculation. Some courts have continued to rely, at least in part, on the so-called *Johnson* factors which have provided guidance in awarding professional fees since 1974. See *Clemens*, 349 B.R. at 732, citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 720 (5th Cir. 1974)(*Johnson* factors plus additional updated factors may be considered); *Phillips*, 392 B.R. at 385 (*Johnson* factors

still apply with the exception of those specifically enumerated in §330(a)(3) which no longer apply). Other courts have held that time records, the statutory commission formula of §326, and all "other relevant factors" should be considered in determining reasonable compensation for Chapter 7 trustees.  See *McKinney*, 383 B.R. at 493.

New §330(a)(7) provides no precise definition of "commission" nor any guidance on the factors to be considered in determining the reasonableness of a requested commission.  Chapter 7 trustees do, however, bear the burden of proof in establishing their entitlement to requested fees.  See *Phillips*, 392 B.R. at 383.  Thus, this Court intends to consider any relevant information a trustee might desire to present and would be disinclined to set forth any factors which it would not - as a matter of law - consider.  Because the determination of reasonableness must still be based on what was actually done by the trustee, the time records required by statute pre-BAPCPA are still required post-BAPCPA.  *See McKinney*, 383 B.R. at 493.  It has long been a risk for a trustee to fail to keep accurate time records, and that risk was not alleviated by the changes made by §330(a)(7).  What else - in addition to time records - a trustee submits to establish the reasonableness of a claimed commission will depend on the circumstances of each individual case.  Likewise, the factors or issues that an objector might request a court to consider will vary from case to case.

Here, the Trustee has submitted his time records showing 47.5 hours expended on his trustee work. The Trustee is both an attorney and an accountant, and his time records disclose work which might have been charged separately as either legal or accounting fees. The Trustee analyzed complex real estate documents and land trusts. The Trustee analyzed the financial statements of entities in which the Debtor had an interest, reconciled bank statements, and prepared the final tax returns. In a period of time of less than one year, the Trustee reviewed the Debtor's transactions and then resolved all remaining issues by sale, settlement, or abandonment. The quality of the Trustee's work was in the very good to excellent range, and American Bank does not assert otherwise.

Further, even though the Trustee did not himself collect the $1.3 million which was on hand at the time of conversion, he was responsible for reviewing and filing final tax returns related to the funds. He was also responsible for reviewing claims and filing any necessary objections to establish how the funds should be distributed. Again, all of this work was done promptly and efficiently, resulting in the Trustee being ready to make a distribution of the bulk of the estate's funds within a period of less than one year from the Trustee's appointment.

Nevertheless, this Court must find the Trustee's requested fees are disproportionate to the actual services rendered.

American Bank correctly points out that the $1.3 million was handed to the Trustee.  The Trustee commenced the case with no risk of non-payment as he pursued the remaining assets.  And, although the Trustee acted very promptly to resolve the remaining issues, none of those remaining issues were of an emergency nature which would have required the Trustee to decline other work or professional engagements.  Thus, the statutory maximum compensation allowed by §326 bears little relationship to reasonable compensation for the services actually rendered and cannot be allowed.  See *McKinney,* 383 B.R. at 496.

American Bank suggests that the Trustee receive no fee on the $1.3 million on hand at conversion.  That would be unfair and would result in disproportionately low compensation.  The Trustee acknowledged the trending case law at the time of arguments but made no suggestion on how the Court should calculate his fee if the Court declined to grant the maximum allowed by §326.

Having considered all of the evidence before it and the relevant case law, this Court finds that the Chapter 7 Trustee should be awarded $38,500 for his services to date.  This calculation was arrived at by reducing the percentage calculation for the distribution of funds over $50,000 up to $1,000,000 from the maximum of 5% to 2.5%.  The calculation then includes the full maximum 3% for amounts over $1 million.  This calculation amply rewards the Trustee for a job very well done but also recognizes

that a significant portion of the funds he will be distributing required no work on his part to collect.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###